UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHELLE GOFFINET,

      Plaintiff,

vs.

3M COMPANY and ARIZANT
HEALTHCARE, INC.,

      Defendants.

Case No. 3:24-cv-103

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DENYING DEFENDANTS' MOTIONS TO EXCLUDE EXPERTS (Doc. Nos. 54, 55, 57); (2) DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 56) AS TO COUNTS 1, 2, 3, 4, 5 AND 7; (3) GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 56) AS TO COUNTS 6 AND 8; AND (4) REFERRING THIS CASE TO MAGISTRATE JUDGE PETER B. SILVAIN, JR., IN HIS ROLE AS MEDIATION COORDINATOR, TO ASSIGN THIS CASE TO THE APPROPRIATE MAGISTRATE JUDGE FOR MEDIATION**

---

Plaintiff Michelle Goffinet alleges that the Bair Hugger device ("Bair Hugger"), used during her left hip surgery, caused her to develop a periprosthetic joint infection ("PJI").[1]  In her 8-count amended complaint, she raises claims of negligence, gross negligence, failure to warn, design defect, breach of implied warranty of merchantability, fraud, misrepresentation, and unjust enrichment against Defendants 3M Company and Arizant Healthcare, Inc. ("Defendants").  Doc. No. 44.  Defendant 3M designed, manufactured, and sold the Bair Hugger; Defendant Arizant is a wholly owned subsidiary of 3M.  *Id.* at PageID 374.

Defendants have moved to exclude the testimony of Plaintiff's general and specific causation experts under Federal Rule of Evidence 702.  Doc. Nos. 54, 55, 57.  Plaintiff opposes

---

[1] A PJI may develop due to bacteria or pathogens being exposed to the prosthetic joint components during surgery.  Doc. No. 56-8 at PageID 3111.

each of Defendants' motions.  Doc. Nos. 62, 63, 64.  Defendants then filed replies.  Doc. Nos. 65, 66, 67.  The Court finds that Plaintiff's experts' opinions are admissible and therefore **DENIES** Defendants' motions to exclude Plaintiff's experts.  Doc. Nos. 54, 55, 57.

Defendants also filed a motion for summary judgment.  Doc. No. 56.  Plaintiff opposes the motion (Doc. No. 60), and Defendants filed a reply (Doc. No. 68).  The Court finds there are genuine disputes of material fact regarding Plaintiff's claims as to amended complaint counts 1, 2, 3, 4, 5 and 7.  As such, the Court **DENIES** Defendants' motion for summary judgment as to those counts.  Because Plaintiff does not intend to pursue amended complaint counts 6 and 8 (Doc. No. 60 at PageID 4323), the Court **GRANTS** Defendants' motion for summary judgment as to those counts.

## I.  Introduction

This case began as part of the multidistrict litigation ("MDL") captioned *In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL 15-2666-JNE (D. Minn. Apr. 19, 2016).  On April 5, 2024, the district judge handling the MDL remanded Plaintiff's case to the Southern District of Ohio.  Doc. No. 11.

Plaintiff alleges in her amended complaint that she underwent hip revision surgery on November 22, 2020 at Miami Valley Hospital in Dayton.  Doc. No. 44 at PageID 372. Dr. Jennifer L. Jerele, an orthopedic surgeon, performed the surgery.  *Id.*  The Bair Hugger was used during Plaintiff's surgery to maintain her body temperature.  *Id.*  The Bair Hugger warms air in a portable heater, transfers the heat through a hose, and distributes the heat over the patient's body through a blanket.  Doc. No. 44 at PageID 374-75.

In September 2021, Plaintiff returned to Miami Valley Hospital with a chronic infection. Doc. No. 44 at PageID 372; Doc. No. 56 at PageID 2956.  Treatment included irrigation,

2

debridement, revision of the femoral head, and implantation of a "wound vac."  Doc. No. 44 at PageID 372; Doc. No. 56 at PageID 2956.  Now ripe for decision are Defendants' motions for exclusion of Plaintiff's experts (Doc. Nos. 54, 55, 57) and Defendants' motion for summary judgment (Doc. No. 56).

## II.  Motions *in Limine*

### A.  Federal Rule of Evidence 702 and *Daubert*

Federal Rule of Evidence 702 governs the admission of expert witness testimony.  Under this rule:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702.  The Supreme Court has stated that district court judges assume "a gatekeeping role" to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).  Additionally, "the rejection of expert testimony is the exception rather than the rule," Fed. R. Evid. 702 cmt. 5, and a "trial judge is imbued with discretion in determining whether or not a proposed expert's testimony is admissible." *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426, 429 (6th Cir. 2007).  A district court "has 'considerable leeway in deciding . . . how to go about determining whether particular expert testimony is reliable.'"  *United States v. Sanders*, 59 Fed. App'x 765, 767 (6th Cir. 2003) (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

**B. Analysis**

Defendants move to exclude the testimony and opinions of Plaintiff's three general causation medical experts (Doc. No. 54) and two specific causation experts (Doc. Nos. 55, 57). Plaintiff intends to offer the opinions of the general causation experts to show that the Bair Hugger can cause PJI generally in patients, as well as the specific causation experts to explain the Bair Hugger caused Plaintiff's PJI in this specific instance.

Defendants claim this expert testimony is not based on sufficient facts or data, is not the product of reliable principles and methods, and is not relevant to the facts of this case. *See* Doc. Nos. 54, 55, 57.

"[I]n order to exclude expert testimony, the 'gap' [between the data and opinion proffered] must be extreme." *Nichols v. Morrisey*, No. 2:23-CV-00637-WB, 2024 WL 871322, at *5 (E.D. Pa. Feb. 29, 2024). In this case, the experts' explanations of both general and specific causation draw causal inferences from associations the experts identify in peer-reviewed scientific literature and case studies. Doc. No. 60-4 at PageID 4468-73; Doc. No. 60-5 at PageID 4566-71; Doc. No. 60-6 at PageID 4600-06; Doc. No. 60-8 at PageID 4648-49. "Where the reliability of the evidence is in dispute, it is more appropriate for a judge to admit the evidence than to keep it from the fact-finder because '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *Little Hocking Water Ass'n v. E.I. du Pont de Nemours & Co.*, 90 F. Supp. 3d 746, 752 (S.D. Ohio 2015) (quoting *Daubert,* 509 U.S. at 596).

Here, the Court finds Plaintiff's medical experts are qualified, and the experts' testimonies are each sufficiently reliable and relevant to survive Defendants' motions to exclude. It appears that each of Plaintiff's experts plans to offer testimony that would be helpful to the trier of fact in

understanding the issues of general and specific causation.  Accordingly, Defendants' motions to exclude the expert testimony are **DENIED**, and this evidence will not be excluded.

### III.  Summary Judgment Motion

#### A.  Summary Judgment

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "Summary judgment is only appropriate 'if . . . depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (quoting Fed. R. Civ. P. 56(c)).  "Weighing of the evidence or making credibility determinations are prohibited at summary judgment – rather, all facts must be viewed in the light most favorable to the non-moving party." *Id*.

Once "a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading[.]" *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).  Instead, the party opposing summary judgment has a shifting burden and "must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." *Id*. (citation omitted).  Failure "to properly address another party's assertion of fact as required by Rule 56(c)" could result in the Court "consider[ing] the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Finally, "there is no duty imposed upon the trial court to 'search the entire record to establish that it is bereft of a genuine issue of material fact.'" *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992) (citations omitted). Instead, "[i]t is the attorneys, not the judges, who have interviewed the witnesses and handled the physical exhibits; it is the attorneys, not the judges, who have been present at the depositions; and it is the attorneys, not the judges, who have a professional and financial stake in case outcome." *Id*. at 406. In other words, "the free-ranging search for supporting facts is a task for which attorneys in the case are equipped and for which courts generally are not." *Id*.

**B. Analysis**

As noted above, Plaintiff alleges, and Defendants address in their motion for summary judgment, claims of negligence, gross negligence, failure to warn, design defect, breach of implied warranty of merchantability, fraud, misrepresentation, and unjust enrichment. Doc Nos. 44, 60. Plaintiff seeks compensatory and punitive damages. Doc. No. 44. Defendants move for summary judgment in their favor as to all claims. Doc. No. 56. In her summary judgment opposition memorandum, Plaintiff concedes the claims for unjust enrichment and fraud (Doc. No. 60 at Page ID 4323), so summary judgment as to those claims (*i.e.*, counts 6 and 8) is **GRANTED**. Summary judgment as to the remaining amended complaint counts (*i.e.*, counts 1, 2, 3, 4, 5 and 7) is **DENIED** for the reasoning that follows.

The Court, having reviewed the record carefully—including the parties' briefs, the opposition memoranda in the case, and the summary judgment evidence—finds there are one or more material facts in dispute as demonstrated by the non-moving party which merit denying summary judgment. Among other questions and facts in dispute the Court notes, *inter alia*:

6

(1) There is competing evidence as to whether the Bair Hugger can cause PJI and therefore whether Defendants had a duty to warn.  For instance, the 2011 McGovern epidemiological study showed a 380% increased risk of PJI in Bair Hugger patients compared to air-free warming patients.  *See* Doc. No. 60 at PageID 4331.  Plaintiff's experts conclude this increased risk exists based on *their* education, training, and experience (Doc. No. 60-5 at PageID 4504), while Defendants' experts use *their* education, training, and experience to conclude there is no such increased risk (Doc. No. 68-1 at PageID 7118-19).  This difference in expert opinion constitutes a material fact in dispute that precludes summary judgment.  *See e.g.*, *Krumpelbeck v. Breg, Inc.*, 491 F. App'x 713, 720 (6th Cir. 2012) (reversing the grant of summary judgment because there was a genuine dispute of fact as to whether the defendant had a duty to warn, with the Court explaining, "While a trial expert will almost certainly be required to explain the significance of the literature to a jury, the literature itself is evidence, more than a mere scintilla, sufficient to establish an issue for trial");

(2) There is conflicting evidence as to whether Defendants knew of, or should have known of, the potential alleged risks of PJIs from use of a Bair Hugger and whether Defendants concealed those risks from healthcare providers and patients.  For instance, Plaintiff's experts rely on one study—published prior to her surgery—that identified a potential connection between using the Bair Hugger and an increased risk of PJI.  Doc. No. 60-8 at PageID 4641.  Defendants object to the study and point out its purported limitations.  Doc. No. 56 at PageID 2962.  However, this objection goes to the evidence's weight at trial, not its weight on summary judgment.  Doc. No. 60-1 at PageID 4356; *Boncher v. 3M Co.*, No. 5:24-cv-01403-JMG, 2025 U.S. Dist. LEXIS 26753, at *19 (E.D. Pa. Feb. 14, 2025); and

(3) The competing evidence as to Defendants' alleged misconduct also creates a genuine dispute as to punitive damages precluding summary judgment. *Cawley v. Eastman Outdoors, Inc.*, No. 1:14-CV-00310, 2014 U.S. Dist. LEXIS 148194, at *17-19 (N.D. Ohio Oct. 17, 2014) (citing Ohio Rev. Code § 2307.80(A)) ('whether punitive damages should be awarded is a question for the jury"). Plaintiff's evidence demonstrates that the Bair Hugger can cause PJI and Defendants knew this was the case (Doc. No. 60 at PageID 4339), whereas Defendants' Rule 56 evidence shows the Bair Hugger does not cause PJI, and therefore, that Defendants exhibited no misconduct. *See Hertzfeld v. Hayward Pool Prods., Inc.*, No. 2007-Ohio-7097, 2007 WL 4563446, at *10 (Ohio Ct. App. 2007) ("[T]he question of whether the issue of punitive damages reaches a jury is not properly disposed of where a genuine issue of material fact exists at the summary judgment stage").

## IV. Conclusion

Accordingly, Defendant's motions to exclude Plaintiff's experts are each **DENIED**. Further, Defendant's motion for summary judgment is **DENIED** as to counts 1, 2, 3, 4, 5 and 7, but **GRANTED** as to counts 6 and 8.

This matter is **REFERRED** to Magistrate Judge Peter B. Silvain, Jr., in his role as mediation coordinator, to assign this case to the appropriate Magistrate Judge for mediation. If the case settles following mediation, it will be terminated on the docket. If the case is not settled, it will be promptly scheduled for trial. The parties may renew their evidentiary objections at trial. The Court will consider those objections anew, depending on the context in which they arise.

**IT IS SO ORDERED.**

February 17, 2026          s/*Michael J. Newman*
                          Hon. Michael J. Newman
                          United States District Judge

8